IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:05CR293 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | |
| FRANK OLIVER, | ) | RECOMMENDATION |
| | ) | |
| Defendant. | ) | |

On August 29, 2005, defendant Frank Oliver (Oliver), together with his counsel, Assistant Federal Public Defender Michael J. Hansen, appeared before the undersigned magistrate judge and was advised of the charges, the penalties and the right to appear before a United States District Judge. After orally consenting to proceed before a magistrate judge, Oliver entered a plea of guilty to Count II of the Indictment.

After being sworn, Oliver was orally examined by the undersigned magistrate judge in open court as required by Federal Rule of Criminal Procedure 11. Oliver also was given the advice required by that Rule. Finally, Oliver was given a full opportunity to address the court and ask questions.

Counsel for the government and counsel for Oliver were given the opportunity to suggest additional questions by the court. Moreover, both counsel orally certified that they were of the opinion that the plea was knowing, intelligent and voluntary, and that there was a factual basis for Oliver's plea of guilty to Count II of the Indictment.

Therefore, I find and conclude that: (1) the plea is knowing, intelligent, and voluntary; (2) there is a factual basis for the plea; (3) the provisions of Rule 11 and any other provisions of the law governing the submission of guilty pleas have been complied with; (4) a petition to enter a plea of guilty, on a form approved by the court, was completed by Oliver, Oliver's counsel and counsel for the government, and such petition was placed in the court file (Filing No. 16); (5) the plea agreement is in writing and is filed in the court file (Filing No. 17); (6) there were no other agreements or stipulations other than as contained in the written plea

agreement except the government agreed to be bound by the plea agreement even though the $100 Special Assessment had not been paid at the time of the entry of the plea.

### IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:

1. She accept the guilty plea and find the defendant, Frank Oliver, guilty of the crime set forth in Count II of the Indictment to which Oliver tendered a guilty plea;

2. She accept the written plea agreement with the understanding that the court is not bound by the parties' stipulations, but may with the aid of the presentence report, determine the facts relevant to sentencing.

### ADMONITION

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 29th day of August, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge