IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR293** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **FRANK A. OLIVER,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 25). The government has adopted the PSR. (Filing No. 27.) *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

The Defendant, Frank A. Oliver, objects to the addition of 2 criminal history points in ¶ 54 for recency pursuant to U.S.S.G. § 4A1.1(e). The points assessed assume that Oliver's conduct with respect to the instant offense began less than two years of his May 1, 2003, release from prison reflected in ¶ 45. Oliver, who pleaded guilty to Count II of the Indictment, disputes the date of the alleged drug distribution, April 13, 2005, which is charged in Count I of the Indictment and assumed to be relevant conduct. Rather, Oliver argues that the correct date of the commencement of his criminal activity is the date charged in Count II of the Indictment, May 9, 2005.

Relevant conduct may be used as a basis for criminal history points added pursuant to § 4A1.1(e). *United States v. Alcazar-Contreras,* 33 Fed. Appx. 247, 248 (8th Cir. May

1, 2002); U.S.S.G. § 4A1.1 application note 5.  At the change of plea hearing, Oliver's attorney would not admit to the relevant conduct alleged in Count I on Oliver's behalf, noting that a sentencing issue could arise with respect to the date of the relevant conduct. (Filing No. 21, TR, at 20-21.)  The government bears the burden of proving relevant conduct.  *United States v. Ramirez,* 196 F.3d 895, 898 (8th Cir. 1999).  Therefore, the government bears the burden of proving by a preponderance of the evidence the relevant conduct with respect to the April 13, 2005, date.  *See id.*

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 25) will be heard at sentencing;

2. The government indicated that its evidence will take 30 minutes to present. If the parties anticipate needing more than 30 minutes for the entire sentencing hearing, they shall immediately contact Edward Champion, tel. 661-7377, and reschedule the hearing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5.     Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6.     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 7th day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge